DECISION
This matter is before the Court for decision on the Defendant's Motion to Suppress contraband seized from his person pursuant to an arrest upon what the arresting officer believed to be an active arrest warrant.
Two days before the event under consideration, Officer Maurice Sellers ("the Officer") of the Newport Police Department learned the names of sixteen local individuals for whom arrest warrants had been issued for suspicion of drug-trafficking. On April 2, 2008, the Officer, believing that the warrant for "the Defendant remained active" proceeded to the Defendant's residence, the McKinney Shelter on Meeting Street, with the specific intent to arrest the Defendant on the warrant. In reality, the Defendant had, the day prior, presented himself to the Newport Police Department and the appropriate court and the warrant was cancelled and withdrawn. On the evening of April 2, 2008, at approximately 8:00 p.m., Officer Sellers detained the Defendant as he was exiting the shelter and the Defendant immediately informed the Officer that he had "turned himself in" the previous day. Officer Sellers nonetheless detained the Defendant while he verified the status of the warrant through radio communication. During this detention which was grounded upon an invalid warrant, the Defendant, according to the Officer, was acting "nervous" although he made no attempt to flee or to resist interaction with the Officer. The Officer, before ascertaining the warrant's status, then asked if the Defendant had *Page 2 
any weapons. The Defendant responded "no" but volunteered that he had some marijuana in his pocket. When the Defendant made a motion to retrieve the contraband, the Officer stopped him, frisked him, and discovered the marijuana in the Defendant's right sweatshirt pocket.
The Defendant argues that because the Officer was "not acting in good faith" and acting upon "old information" without a contemporaneous determination of the warrant status, the evidence should be excluded. The State counters that the Officer's conduct "did not equate to deliberate, reckless or grossly negligent conduct" and, thus, the exclusionary rule cannot be properly invoked.
In Herring v. U.S., 129 S.Ct. 695 (2009), the Supreme Court declared that in order "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system . . . [a]s laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." Id. at 697, 702.
Although the warrant in Herring, as here, had been recalled, the arresting officer, immediately before the defendant's detention, checked on the warrant's status and had, in hand, a copy of what he, in good faith, believed to be an active warrant. Arguably, applying the exclusionary rule to the evidence the officer's search yielded would have no deterrent effect on the officer's future conduct. In the instant case, however, the arresting officer made the deliberate choice not to seek out updated information, which was readily available to him, on various warrants in his department. Rather, he relied on the information as it existed on his last working day forty-eight hours earlier. Moreover, he utilized the stale information as the basis to proceed to the Defendant's residence to arrest him. Thus, if the Officer's conduct in choosing to *Page 3 
remain ignorant of current information is countenanced, there would be no incentive for officers to discharge their duty to act upon reliable, up-to-date and readily accessible information.
There is no evidence or suggestion in this matter that Officer Sellers acted with any intent to thwart the law or interfere with the Defendant's rights. The Officer's testimony was frank, direct and straight-forward and includes the acknowledgement that the warrant's invalidity was not known to him until after the discovery of the contraband. It must also be noted that the original warrant for the Defendant was issued within this Officer's department as the result of a "warrant sweep." Thus, it would not be unreasonable to require the Officer to verify the accuracy of information which was readily available at his own workplace. Thus, the Court finds that an application of the pertinent principals of Herring to the particular facts of this case requires the exclusion of the contraband. *Page 1